JUDGE SULLIVAN

11 CIV 5105

CILENTI & COOPER, PLLC
Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | |
|---|---|
| ELEAZAR GUADALUPE ASCENSION, JAVIER GUADALUPE ASCENSION, JUAN CARLOS REYNOSO, REYES REYNOSO, and VINCENTE MORAN, on behalf of themselves and others similarly situated, | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |
| Plaintiffs, | |
| -against- | |
| PURUME RESTAURANT, and "JAE DOES 1-10", | |
| Defendants. | |

------------------------------------------------------------------X

Plaintiffs, **Eleazar Guadalupe Ascension, Javier Guadalupe Ascension, Juan Carlos Reynoso, Reyes Reynoso, and Vincente Moran**, (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Purume Restaurant, and "Jae Does 1-10", (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1. This is an action brought by Plaintiffs on their own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201, *et. seq.* ("FLSA"), and the New York Labor Law, arising from Defendants' failure to pay non-exempt employees wages for all hours worked, minimum wages, and overtime compensation.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and New York Labor Law by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, compensation for all hours worked, minimum wages, and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiffs allege that, pursuant to the FLSA, they are entitled to recover from the Defendants: (1) unpaid wages or minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

4. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages or minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) liquidated damages equal to twenty-five (25) percent of the sum of their unpaid minimum wages, their unpaid "spread of hours" premium, and their unpaid overtime; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7. Plaintiffs Eleazar Guadalupe Ascension, and Javier Guadalupe Ascencion, are residents of Kings County, New York.

8. Plaintiffs Juan Carlos Reynoso, Reyes Reynoso, and Vincente Moran are residents of Bronx County, New York.

9. Upon information and belief, Defendant, Purume Restaurant, is a business entity or fictitious business name, organized and existing under the laws of the State of New York, with a principal place of business at 11 East 13th Street, New York, New York 10003.

10. Defendants, JAE DOES 1-10, are individual owners, officers, directors and/or managing agents of Purume Restaurant who may have personal liability for unpaid wages under the FLSA and New York Labor Law for having acted directly or indirectly in the interest of the employer and whose true names and identities are unknown at this time. Plaintiff will seek to amend the Complaint to allege the true names of these individuals when they become known.

11. Plaintiff, Eleazar Guadalupe Ascension, was employed by Defendants in New York County, New York, to work as a food preparer and cleaner at Defendants' restaurant, from in or about May 3, 2010 through June 27, 2011.

12. Plaintiff, Javier Guadalupe Ascension, was employed by Defendants in New York County, New York, to work as a food preparation assistant, from in or about May 3, 2010 through June 27, 2011.

13. Plaintiff, Juan Carlos Reynoso, was employed by Defendants in New York County, New York, to work as a food preparation assistant, from in or about May 3, 2010 through June 27, 2011.

14. Plaintiff, Reyes Reynoso, was employed by Defendants in New York County, New York, to work as a dishwasher and cleaner, from in or about May 3, 2010 through June 27, 2011.

15. Plaintiff, Vincente Moran, was employed by Defendants in New York County, New York, to work as a food preparation assistant, from in or about May 3, 2010 through June 27, 2011.

16. At all relevant times, Purume Restaurant, was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, the work performed by Plaintiffs was directly essential to the restaurant business operated by the Defendants.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and overtime compensation in contravention of the FLSA and New York Labor Law.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Reyes Reynoso lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

4

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in contravention of the New York Labor Law.

21. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

### A. PLAINTIFF ELEAZAR GUADALUPE ASCENSION

22. On or about May 3, 2010, Plaintiff, Eleazar Guadalupe Ascension, was hired by Defendants to work as a food preparer and cleaner at Defendants' restaurant known as "Purume", located at 11 East 13th Street, New York, New York 10003.

23. Plaintiff, Eleazar Guadalupe Ascension worked continuously for the Defendants until on or about June 27, 2011.

24. During Plaintiff Eleazar Guadalupe Ascension's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Eleazar Guadalupe Ascension generally worked six (6) days a week, and his work shift consisted of eleven hours on weekdays and six and one-half hours on Saturday.

25. Plaintiff Eleazar Guadalupe Ascension was not paid overtime compensation. Plaintiff Eleazar Guadalupe Ascension was paid a weekly sum of $730.00, in cash, and worked sixty-one (61) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate of pay as required by state and federal law.

26. Plaintiff Eleazar Guadalupe Ascension was not paid any wages for his first two (2) weeks or final week of pay.

## B. PLAINTIFF JAVIER GUADALUPE ASCENSION

27. On or about May 3, 2010, Plaintiff, Javier Guadalupe Ascension, was hired by Defendants to work as a food preparer at Defendants' restaurant known as "Purume", located at 11 East 13th Street, New York, New York 10003.

28. Plaintiff, Javier Guadalupe Ascension worked continuously for the Defendants until on or about June 27, 2011.

29. During Javier Guadalupe Ascension's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Javier Guadalupe Ascension generally worked six (6) days a week, and his work shift consisted of eleven hours on weekdays and nine hours on Saturday. Plaintiff Javier Guadalupe Ascension often stayed later than his scheduled shift.

30. Plaintiff Javier Guadalupe Ascension was not paid overtime compensation. Plaintiff Javier Guadalupe Ascension was paid a weekly sum of $700.00, in cash, and worked sixty-four (64) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate of pay as required by state and federal law.

31. Plaintiff Javier Guadalupe Ascension was not paid any wages for his first two (2) weeks or final week of pay.

## C. PLAINTIFF JUAN CARLOS REYNOSO

32. On or about May 3, 2010, Plaintiff, Juan Carlos Reynoso, was hired by Defendants to work as a food preparer at Defendants' restaurant known as "Purume", located at 11 East 13th Street, New York, New York 10003.

33. Plaintiff, Juan Carlos Reynoso, worked continuously for the Defendants until on or about June 27, 2011.

34. During Juan Carlos Reynoso's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Juan Carlos Reynoso generally worked six (6) days a week, and his work shift consisted of eleven hours on Tuesdays, Wednesdays, Thursdays, Saturdays and Sundays, and seven hours on Mondays. Plaintiff Juan Carlos Reynoso often stayed later than his scheduled shift.

35. Plaintiff Juan Carlos Reynoso was not paid overtime compensation. Plaintiff Juan Carlos Reynoso was paid a weekly sum of $500.00, in cash, and worked sixty-one (61) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate of pay as required by state and federal law.

36. Plaintiff Juan Carlos Reynoso was not paid any wages for his first two (2) weeks or final week of pay.

### D. PLAINTIFF REYES REYNOSO

37. On or about May 3, 2010, Plaintiff, Reyes Reynoso, was hired by Defendants to work as a cleaner and dishwasher at Defendants' restaurant known as "Purume", located at 11 East 13th Street, New York, New York 10003.

38. Plaintiff, Reyes Reynoso, worked continuously for the Defendants until on or about June 27, 2011.

39. During Reyes Reynoso's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Reyes Reynoso generally worked six (6) days a week, and his work shift consisted of eleven hours each day. Plaintiff Reyes Reynoso often stayed later than his scheduled shift.

40. Plaintiff Reyes Reynoso was not paid minimum wages or overtime compensation. Plaintiff Juan Carlos Reynoso was paid a weekly sum of $375.00, in cash, and worked sixty-six (66) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum wage as required by state and federal law.

41. Plaintiff Reyes Reynoso was not paid any wages for his first two (2) weeks or final week of pay.

### E. PLAINTIFF VINCENTE MORAN

42. On or about May 3, 2010, Plaintiff, Vincente Moran, was hired by Defendants to work as a food preparer and cook at Defendants' restaurant known as "Purume", located at 11 East 13th Street, New York, New York 10003.

43. Plaintiff, Vincente Moran, worked continuously for the Defendants until on or about June 27, 2011.

44. During Vincente Moran's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Vincente Moran generally worked six (6) days a week, and his work shift consisted of eleven hours during five days and seven (7) hours on Tuesdays. Plaintiff Vincente Moran often stayed later than his scheduled shift.

45. Plaintiff Vincente Moran was not paid overtime compensation. Plaintiff Vincente Moran was paid a weekly sum of $600.00, in cash, and worked sixty-one (61) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum wage as required by state and federal law.

46. Plaintiff Vincente Moran was not paid any wages for his first two (2) weeks or final week of pay.

8

## COLLECTIVE ACTION ALLEGATIONS

47.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiffs and other similarly situated employees.

48.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

49.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

50.     At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

51.     Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last six (6) years, through entry of judgment in this case (the "Collective Action Period"), and whom were not compensated for hours worked, or failed to receive wages or minimum wages, or overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

52. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants.

53. Defendants, JAE DOES 1-10, are individuals, presently unknown, who, upon information and belief, own Purume Restaurant, owns the stock of Purume Restaurant, and manage and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work. Plaintiffs intend to amend the complaint upon information as to the identity of these individuals.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

54. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "53" of this Complaint as if fully set forth herein.

55. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

57. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

58. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

59. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for some or all of the hours they worked.

60. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

61. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

62. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members for all hours worked, and by failing to compensate Plaintiffs and the Collective Acton Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injury Plaintiffs and the Collective Action Members.

64. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65. Records, if any, concerning the number of hours worked by Plaintiffs and the Collective Action Members and the actual compensation paid to Plaintiffs and the Collective Action Members are in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

66. Defendants failed to properly disclose or apprise Plaintiffs or the Collective Action Members of their rights under the FLSA.

67. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

68. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

69. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

70. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. At all relevant times Plaintiffs and the Collective Action Members were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

72. Defendants knowingly and willfully violated Plaintiffs, and the Collective Action Members' rights by failing to pay them minimum wages in the lawful amount for some or all hours worked.

73. Defendants knowingly and willfully violated Plaintiffs and the Collective Action Members' rights by failing to pay them overtime compensation at rates of not less than one and one-half times their regular rate, or the statutory minimum rate if applicable, for each hour worked in excess of forty (40) hours in a workweek.

74. Defendants knowingly and willfully violated Plaintiffs' and the Collective Action Members' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

75. Due to the Defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid wages, unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a) Designation of this action a collective action on behalf of the Collective Action Members and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members.

(b) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(c) An award of unpaid minimum wages due under the FLSA and New York Labor Law plus compensatory and liquidated damages, and interest;

(d) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(e) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

(i) An award of prejudgment and post-judgment interest; and

(j) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       July 20, 2011

                                Respectfully submitted,

                                CILENTI & COOPER, PLLC
                                *Attorneys for Plaintiffs*
                                708 Third Avenue – 6th Floor
                                New York, NY 10017
                                Telephone  (212) 209-3933
                                Facsimile  (212) 209-7102
                                pcooper@jcpclaw.com

                                By:_____
                                    Peter H. Cooper  (PHC 4714)