UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/2012
```

ELEAZAR GUADALUPE ASCENSION, *et al.*,

　　　　　　　　　　Plaintiffs,

-v-

PURUME RESTAURANT, *et al.*,

　　　　　　　　　　Defendants.

No. 11 Civ. 5105 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

　　The Court is in receipt of a letter from Plaintiffs, dated April 30, 2012, requesting the Court's intervention due to Defendants' failure to comply with the terms of the parties' settlement and attaching the parties' settlement agreement.

　　Because the Complaint makes claims under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq*, judicial approval is required before a settlement will be enforceable. *See Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) ("'With only two exceptions, employees cannot waive FLSA claims for unpaid wages or overtime, for less than full statutory damages. The two exceptions are for: (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements.'" (quoting *Manning v. New York Univ.*, No. 98 Civ. 3300 (NRB), 2001 WL 963982, at *12 (S.D.N.Y. Aug. 22, 2001))). The requirement of court-supervised approval arises in part from the "fear that employers would coerce employees into settlement and waiver." *Manning*, 2001 WL 963982, at *11. "In deciding whether to approve a stipulated settlement, the Court must

scrutinize the settlement for fairness." *Boucaud v. City of New York*, No. 07 Civ. 11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010) (internal quotations and citations omitted).

Because neither party has requested judicial approval of the settlement that was apparently reached by the parties back in February, IT IS HEREBY ORDERED THAT the parties shall submit a joint letter to the Court no later than May 14, 2012, setting forth their views on why the settlement is fair pursuant to the standards set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982) and adopted by courts in this District. *See, e.g., Enriquez v. Room Serv. II, Inc.*, No. 11 Civ. 2410 (DLC) 2012 WL 527203, at *1 (S.D.N.Y. Feb. 16, 2012); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010). The parties are further directed to indicate what portion of the total settlement amount shall be paid to Plaintiff's counsel as attorney's fees.

IT IS FURTHER ORDERED THAT the parties, including Plaintiffs personally, shall appear for a fairness hearing on Friday, May 25, 2012 at 10:00 a.m.

SO ORDERED.

Dated: April 30, 2012
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE